It was submitted without argument.
We are all of opinion that there should be judgment for the State on the point submitted. We deem it unnecessary to resort to any other authority in support of the bill of indictment than the act of Assembly originally passed for curing indictments in the county courts, and afterwards extended to the Superior Courts. The plea is grounded upon a mere formal defect, and that act declares, in substance, the indictment shall be sufficient to all intents and purposes if it contain the charge in a plain, simple, intelligible manner.
If, however, the act of Assembly is laid out of the question, the plea itself is defective. It commences, "and the said William B. Newmans comes," etc. By this plea the defendant admits himself to be the same person indicted. The object of the law in allowing the plea misnomer is to save one the expense and trouble of answering who has been wrongfully called in question, or to prevent one man from being arrested for another. The plea goes not to the merits of the charge, and when once it shall appear to the court that the person indicted is really before them, it is of no consequence by what name he is called, for all evidence must be shown to have relation to the person then on trial. To prove the insufficiency of the plea, Roberts v. Moore, 5 Term, 487, is in point; and though that was the case of a special demurrer, yet as we think the defect in substance, the principle is the same.
Wherefore, let there be a respondeas ouster.
NOTE. — The act of 1811 (1 Rev. Stat., ch. 35, sec. 12), applies to indictments in the Superior Courts, and cures the same defects as were cured in indictments in the county court by the act of 1784.
Cited: S. v. Guest, 100 N.C. 413. *Page 136 
(173)